UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **SEVILLE INDUSTRIES LLC** ) | Civil Action No. 22-cv-06229 |
| ) | |
| versus ) | JUDGE DAVID C. JOSEPH |
| ) | |
| **US SMALL BUSINESS ADMIN., ET AL.** ) | MAGISTRATE JUDGE WHITEHURST |
| ) | |

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Defendants contend that there is no genuine issue regarding the following material facts:

1. During the throes of a nationwide economic crisis induced by the coronavirus pandemic, Congress issued a mandate to SBA, in the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), to make hundreds of billions of dollars in Paycheck Protection Program ("PPP") loans available to millions of American small businesses in a matter of weeks.

2. SBA disbursed almost $350 billion in PPP loans in less than two weeks' time, and more than $800 billion in loans by the time the program terminated in June 2021. *See* Paycheck Protection and Health Care Enhancement Act, Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620 (2020); CARES Act § 1102(a) (adding Paragraph (36) to 15 U.S.C. § 636(a)).

3. Section 7(a) of the Small Business Act, Pub. L. No. 85–536, 72 Stat. 384 (1958), 15 U.S.C. § 636(a) ("Section 7(a)"), confers authority on SBA to make and guarantee general-purpose loans to small businesses.

4. Under SBA's Section 7(a) program, participating private lenders initiate loans to small businesses, and, when SBA agrees to guarantee the debt, the lender funds and services the loan. See SBA Standard Operating Procedure ("SOP") 50 10 6, Lender & Dev. Co. Loan Programs, Pt. 1, § A, Ch. 1, at 11, https://www.sba.gov/document/sop-50-10-lender- development-company-loan-programs.

5. Among the terms and conditions applicable to PPP loans, Congress instructed that the size of a small business's loan must be based (in part) on its monthly "payroll costs," a defined term under the CARES Act. 15 U.S.C. § 636(a)(36)(A)(viii).

6. Generally, the CARES Act limited the maximum allowable size of a PPP loan to the lesser of $10 million or "the sum of" (i) the borrower's monthly "payroll costs," multiplied by 2.5, and (ii) the outstanding balance of any SBA economic injury disaster loan ("EIDL") the borrower obtained between January 31 and April 3, 2020 (the PPP's launch date). *Id*. § 636(a)(36)(E)(i).

7. The CARES Act defined "payroll costs" as "the sum of" salaries, wages, and other forms of compensation (such as health insurance) to "employees," *id*. § 636(a)(36)(A)(viii)(I)(aa), and as "the sum of" "compensation to or the income of a sole proprietor or independent contractor" in the form of "a wage, commission, income, [or] net earnings from self-employment," *id*.§ 636(a)(36)(A)(viii)(I)(bb).

8. On April 7, 2020, Plaintiff Seville Industries, LLC ("Seville") applied for and later received from its lender a PPP loan in the amount of $2,578,351.00. AR at USA 1412.

9. Seville received the loan proceeds on or about April 17, 2020. AR at USA 1412.

10. Plaintiff contests SBA's September 2022 decision to grant only partial forgiveness of Seville's loan, based on Seville's miscalculation of its payroll costs when calculating the amount of its loan.  AR at USA 1415-46.

11. The CARES Act permitted independent contractors to obtain their own PPP loans.

12. Under the CARES Act, employee payroll costs do not include payments to independent contractors. 15 U.S.C. § 636(a)(36)(A)(viii)(I)(aa).

        Respectfully submitted,

        BRANDON B. BROWN
        United States Attorney

BY:   *s/ Karen J. King*
        KAREN J. KING (#23508)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana 70501
        Telephone:  (337) 262-6618
        Facsimile:  (337) 262-6693
        Email: karen.king@usdoj.gov